IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,768-05






EX PARTE WILLIAM EARL DOYLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22126 IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault of a correctional officer and sentenced to twenty-five years' imprisonment. His sentence was
ordered to run consecutively with a previous fifteen-year sentence for possession with intent to
deliver a controlled substance. 

 Applicant contends, inter alia, that he is being denied credit for time served on his twenty-five year sentence. Applicant alleges that he was approved for parole release on the fifteen-year
sentence prior to his sentencing for this offense, and that he should therefore be credited for all the
time he has served since the date of his conviction. Applicant also alleges that his sentence is being
improperly classified as a "3g" sentence by TDCJ.

 This Court remanded to the trial court for affidavits from TDCJ and findings of fact
addressing Applicant's claims. On remand, the trial court obtained an affidavit from TDCJ - Parole
Division, and entered a general order recommending that relief be denied. However, the affidavit
and order do not address all of the issues posed in this Court's remand order. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of General Counsel, to file an
affidavit listing the exact chronology of TDCJ's actions in Applicant's cases, including Applicant's
sentence begin date for this cause, and the amount of credit he is receiving for time served on this
conviction. The affidavit shall also state whether Applicant has ever been approved for parole
release on cause number F90-45355-IK from Dallas County, and if so the dates upon which he was
approved for parole and upon which his parole was revoked. The affidavit shall state whether any
of Applicant's convictions are being treated as "3g" offenses for purposes of parole and/or
mandatory supervision eligibility. Finally, the affidavit shall indicate whether or not Applicant has
submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim
was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the proper amount of time credit
for his time served on this cause, and as to whether Applicant's eligibility for parole and/or
mandatory supervision is being properly calculated by TDCJ. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 9, 2008

Do not publish